# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIMBERLY BRADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 4216 |
| v. ) | |
| ) | Magistrate Judge Jeffrey Cole |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Kimberly Brady seeks an award of $7,692.75.00 in attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, arguing that the Commissioner's position in denying her application for Disability Insurance Benefits ("DIB") was not "substantially justified."

Ms. Brady applied for DIB and SSI on April 7, 2005, alleging that she had been disabled since May 1, 2003 as a result of "brain tumor/back spasm/neck/depression/headache/dizzy." (Administrative Record ("R.") 100-02, 185). It was her fourth or fifth application, at least one of which had been filed while she was working. Her most recent application – the one at issue in the underlying case – was denied initially and upon reconsideration, and she was given an administrative hearing via videoconferencing while she was incarcerated for having stolen money from her last employer. Following the hearing, the ALJ issued an unfavorable decision, denying plaintiff's application because she could perform certain light jobs that existed in significant numbers in the economy. The Appeals Council affirmed the decision, and plaintiff filed for review in this court.

I found that in rejecting the opinions of two treating psychiatrists, the ALJ placed too much stock in some positive comments in treatment notes and in concluding that the psychiatrists took the

plaintiff's complaints at face value. I also found that the ALJ's credibility determination of the plaintiff focused too heavily on her limited daily activities – as she described them – and the fact that she was able briefly to hold a few short-lived jobs. The difficulty, the Opinion concluded, was not with the ALJ's ultimate conclusion. Indeed, the Opinion found that "a case can certainly be made that the ALJ's ultimate conclusion was correct," and that there was a wealth of evidence that did undermine the plaintiff's credibility. *Brady v. Astrue*, 2010 WL 1006662, *10 (N.D.Ill. 2010); Dkt. #31, at 19. The problem was the ALJ 's failure to have built the so-called "logical bridge," which the Seventh Circuit insists on: "[W]e cannot uphold a decision by an administrative agency, any more than we can uphold a decision by a district court, if, while there is enough evidence in the record to support the decision, the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996).

The plaintiff now seeks an award of attorneys' fees and costs under the EAJA. The EAJA is not an automatic fee-shifting statute in favor of litigants who prevail against the government. *Potdar v. Holder,* 585 F.3d 317, 319 (7th Cir. 2009). Rather, fees may only be awarded where (1) the plaintiff is a "prevailing party;" (2) the government's position was not substantially justified; (3) no "special circumstances make an award unjust;" and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. § 2412(d)(1)(A),(B); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). Costs are available under 28 U.S.C. § 2412(a)(1). By virtue of the remand, the plaintiff is the prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). There are no "special circumstances" alleged, *Golembiewski*, 382 F.3d at 724; *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1079 (7th Cir.

2

2000); the plaintiff's application was timely filed, is supported by an itemized statement, and the Commissioner does not quarrel with the amount sought. The only issue is whether the Commissioner's position was substantially justified, a point on which the Commissioner bears the burden of proof. *Scarborough v. Principi,* 541 U.S. 401, 416 (2004); *Golembiewski*, 382 F.3d at 724.[1]

"Substantially justified" is a phrase of inherent and necessary imprecision, involving as it does considerations of reasonableness. It does not mean justified to a high degree, but rather is satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *Golembiewski*, 382 F.3d at 724; *Stein v. Sullivan,* 966 F.2d 317, 320 (7th Cir. 1992). A court must consider the agency's position as a whole, not just the parts that failed to persuade. *Gatimi v. Holder,* 606 F.3d 344, 349 (7th Cir. 2010). The Supreme Court has said that the phrase means "justified in substance or in the main – that is, justified to a degree that could easily satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). As the Court in *Pierce* explained: "a position can be justified even though it is not correct," 487 U.S. at 566 n.2, and the Government "could take a position that is substantially justified, yet lose." *Id*. at 569. In fact, the same judge who remands a disability proceeding can later deny a motion for attorney's fees under EAJA, and that determination "is entitled to substantial weight." *United States v. Thouvenot, Wade & Moerschen, Inc.,* 596 F.3d 378, 387 (7th Cir. 2010).

---

[1] The Commissioner bears the burden of proving that both his pre-litigation conduct, including the ALJ's decision itself, and his litigation position were substantially justified. *Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir.2009).

Finally, it is an oft-repeated admonition of higher courts that consideration of a fee petition "'should not result in a second major litigation.'" *Pierce*, 487 U.S. at 563. The proceeding to recover fees under the Equal Access to Justice Act "is intended to be summary; it. . .is meant to open the doors of the courthouse to parties, not to keep parties locked in the courthouse disputing fees well after the resolution of the underlying case. The EAJA's requirements must be interpreted accordingly." *Sosebee v. Astrue*, 494 F.3d 583, 588 (7th Cir. 2007).

A significant factor in determining substantial justification is the language of the district court's opinion. *Hallmark Const. Co.,* 200 F.3d at 1079. Just as strong language against the Commissioner's position is evidence that the position was not substantially justified, *Golembiewski,* 382 F.3d at 724, an opinion suggesting the case was close supports the denial of fees. *Cummings v. Sullivan,* 950 F.2d 492, 498 (7th Cir.1991) ("the closeness of the question is, in itself, evidence of substantial justification."). Here, the language suggests this case is in the "substantially justified" category. At the outset of the Analysis portion of the Opinion, it was emphasized that this case was an instance of an ALJ failing to articulate the right evidence to support his conclusions:

> There is much about Ms. Brady's story that is questionable, and details of her story call into question her credibility, not the least of which is her conviction apparently for robbery or theft. *See* Rule 609, Federal Rules of Evidence. The problem is that certain aspects of this evidence were not relied on by the ALJ in concluding that Ms. Brady was not a credible witness and if she was not credible her renditions to her doctors may be highly suspect. While a case can certainly be made that the ALJ's ultimate conclusion was correct, that is not the job of a reviewing court.

*Brady*, 2010 WL 1006662 at *10; Dkt. #31, at 19.

Throughout the Opinion, there are references to evidence that provides additional shadings to the self-portrait Ms. Brady sought to create. She had frequently filed for disability benefits, sometimes while she was working. In connection with some applications, she refused to undergo

4

physical exams to confirm her claimed impairments. *Brady,* 2010 WL 1006662 at *1; Dkt. #31, at 1. On one application, she alleged a brain tumor, which she later attempted to say was just a pituitary gland tumor that had disappeared. There was no medical evidence establishing any of this. 2010 WL 1006662 at *1, 3-4; Dkt. #31, at 1, 6. In May 2005, she explained at a consultative examination that she had the tumor "many years ago when she was very young," *Brady*, 2010 WL 1006662 at *3; Dkt. # 31, at 6, but in fact, she had alleged the "brain tumor" as a basis for a disability claim she filed in May 2003. *Id.* That was not "many years ago," and it was not "when she was very young."

Ms. Brady's vacillations, inconsistencies, and falsehoods are factors that properly may be considered by an ALJ (or any trier of fact) in evaluating a witness's credibility. *See Anderson v. City of Bessemer,* 470 U.S. 564, 575 (1985)("Documents or objective evidence may contradict the witness' story; or the story itself may be so internally inconsistent or implausible on its face that a reasonable fact finder would not credit it."); *Mitondo v. Mukasey,* 523 F.3d 784, 788 (7th Cir. 2008); *C.J. Xodus v. Wackenhut Corp*. 619 F.3d 683, 687 (7th Cir. 2010); *Kadia v. Gonzales,* 501 F.3d 817, 820 (7th Cir. 2007); *Ryder Truck Rental v. NLRB*, 401 F.3d 815, 827 (7th Cir. 2005); *NLRB v. Dorothy Shamrock Coal Co.,* 833 F.2d 1263, 1268 (7th Cir.1987); *Blue v. United States Dept. of Army*, 914 F.2d 525, 543-45 (4th Cir. 1990); *United States v. Nixon,* 881 F.2d 1305, 1309 (5th Cir. 1989). And, of course, the submission of fraudulent documents on matters central to one's claims can be grounds for an adverse credibility finding. *Hysi v. Gonzales,* 411 F.3d 847, 852-53 (7th Cir.2005), *cert. denied,* 546 U.S. 1092 (2006). Neither Ms. Brady nor any other applicant for Social

Security benefits is exempt from these fundamental determinants of credibility.[2]

There is more. Ms. Brady was convicted of burglarizing her last employer's place of business. This, of course, a matter that bears on credibility. Rule 609, Federal Rules of Evidence. And even on this, Ms. Brady appeared to be evasive at her hearing – even though she was testifying by video conference from the penitentiary. When asked how why her most recent job ended, she said "because that's where the burglary occurred," rather than simply owning up and saying she stole from her employer. (Dkt. # 31, at 11). *See McClesky v. Astrue*, 606 F.3d 351, 353 (7th Cir. 2010)(". . . lack of candor [about illegal activity]. . . reveals that [claimant] is willing to lie about subjects in order to promote her self-interest."). And it would seem that she stole from a prior employer as well, walking out on her last day with the money from the cash register. (Dkt. #31, at 11). This too bore on Ms. Brady's credibility. *See* Rule 608(b), Federal Rules of Evidence. In short, there was, as the Opinion noted, ample evidence to support an adverse credibility determination.[3]

Since the significance of any opinion is proportioned to the sources that sustain it, *Minasian v. Standard Chartered Bank, PLC*, 109 F.3d 1212, 1216 (7th Cir. 1997), the opinions of Ms. Brady's psychiatrists were dependent on the information obtained from her. Yet, her credibility was suspect to a rather high degree. *Cf. Sanchez v. Barnhart*, 467 F.3d 1081, 1083 (7th Cir. 2006) (neuropsychologist's report discredited where it relied on exaggerated reports of symptoms); *Barrett v. Barnhart*, 355 F.3d 1065, 1067 (7th Cir. 2004)(distinguishing between report that relies on what

---

[2] Demeanor also can play a significant role in assessing credibility: *NLRB v. Walton Mfg. Co.*, 369 U.S. 404, 408 (1962); *Anderson*, 470 U.S. at 575. But the ALJ said nothing on that score here.

[3] There was evidence that Ms. Brady had failed to comply with treatment regarding her taking of Lexapro. This, too, can, under certain circumstances, be a factor bearing on credibility. *Guilliams v. Barnhart,* 393 F.3d 798, 802 (8th Cir. 2005). *See*, 20 C.F.R. 416.930(a) and (b); *Johnson v. Apfel,* 240 F.3d 1145, 1148 (8th Cir. 2001); *Kisling v. Chater,* 105 F.3d 1255, 1257 (8th Cir. 1997).

patient says and report that relies on objective testing). But the ALJ did not say explicitly that he had factored any of this into his ultimate credibility determinations, which, as articulated, looked to factors that could not themselves sustain the conclusions. Hence, the remand. *See, e.g.*, *McClesky*, 606 F.3d at 353 (ALJ did not discuss issues that seemingly detracted from claimant's credibility).

That brings us to how the "logical bridge" requirement fits into the substantial justification standard in an EAJA case. Eighteen years ago, the Seventh Circuit called the requirement that an ALJ adequately articulate his consideration of the evidence "deliberately flexible." *Stein v. Sullivan*, 966 F.2d 317, 319-320 (7th Cir. 1992). It is enough, *Stein* held, if the ALJ indicates the path of decision. Every step in the reasoning need not be spelled out. It is sufficient if it provides enough of the steps that the full course may be discerned. While the ALJ is not required to evaluate every piece of testimony and admitted evidence, he must articulate at some minimum level his analysis of the evidence in cases in which considerable evidence is presented. Where that has not occurred, a remand is necessary. However, the court was quite emphatic in holding that an ALJ's failure "to meet th[e] articulation requirement in no way necessitates a finding that the Secretary's position was not substantially justified." 966 F.2d at 320. The court in *Stein* concluded that there was no abuse of discretion by the district court in denying the EAJA application because there was evidence to support the ALJ's decision, even though there was contrary evidence that the ALJ "failed to consider, or at least failed to articulate that he considered." *Id.*

More recently, in *Conrad v. Barnhart*, 434 F.3d 987 (7th Cir. 2006), the Seventh Circuit, relying on *Stein*, held that an award of fees is not the necessary concomitant of a failure of articulation. As the court put it, an ALJ's failure to meet the "articulation requirement d[oes] not mandate a finding that the government's position was not substantially justified." *Id.* at 991.

Conversely, the court cautioned that there was no *per se* rule *precluding* attorneys' fees when the error is the ALJ's failure to articulate. *Id.* [4]

In *Cunningham v. Barnhart*, 440 F.3d 862 (7th Cir. 2006), the ALJ found not credible the claimant's allegations of pain and related job limitations and discounted the opinions of Cunningham's treating physicians. There, as here, the ALJ found that they "relied too much on Cunningham's subjective report of symptoms and imitations," and their opinions, he concluded, were out of proportion with other medical evidence. *Id* at 863. The district court reversed and remanded the case because the ALJ did not adequately describe the contrary medical evidence that the ALJ believed the treating physician had not properly considered. The district court also found that the ALJ had failed to properly articulate the basis for his negative credibility determination of Mr. Cunningham. "It was not that the ALJ failed to engage in any credibility determination...; rather, the ALJ failed to connect all the dots in his analysis." *Id*. at 865.

Thereafter, Mr. Cunningham sought an award of fees. The district court denied the motion, and the Seventh Circuit affirmed. The court of appeals held that this was not a case in which it could only be implied that the ALJ's decision was based on a credibility determination. Quite the contrary, the ALJ engaged in a discussion regarding Mr. Cunningham's credibility, but failed to take into account contrary, supporting medical evidence. There was, the court said, medical evidence supporting the ALJ's decision, "although he did fail to adequately explain the connection." *Id.* The vice, the court held, was that in making the credibility determination, "the ALJ failed to connect all

---

[4]This is consistent with the Supreme Court's recognition in *Pierce* of the impracticability of formulating a rigid rule for deciding whether arguments are "substantially justified" since that inquiry may involve "multifarious, fleeting, special, narrow facts that utterly resist generalization." 487 U.S. at 561-52. *See also Koon v. United States*, 518 U.S. 81, 99 (1996).

the dots in his analysis." *Id*. Immediately following this statement, the court cited this excerpt from *Stein v. Sullivan*: "'The requirement that the ALJ articulate his consideration of the evidence is deliberately flexible ... That the ALJ failed to meet this articulation requirement in no way necessitates a finding [that] the Secretary's position was not substantially justified.'" *Cunningham*, 440 F.3d at 865 (brackets and ellipsis in original). Consequently, the court in *Cunningham* had "no trouble concluding the Commissioner's position was substantially justified, even though the ALJ was not as thorough in his analysis as he could have been." *Id.*

The court in *Cunningham* contrasted the situation before it with that in *Golembiewski,* where the ALJ engaged in *no* credibility discussion whatsoever. 382 F.3d at 724. One could only speculate as to why the ALJ rejected the claimant's testimony, thus forcing the Commissioner to argue that a credibility decision by the ALJ had to be implied. *Id.* Moreover, the ALJ ignored evidence substantiating the claimant's main impairment: a herniated disc. *Id.* In short, there was nothing in the ALJ's decision to recommend it, and the Seventh Circuit took the rare step of urging the Commissioner to assign the matter to a different ALJ on remand. *Id.* at 725. This complex of circumstances required a finding that the Commissioner's position was not substantially justified. But, the court in *Conrad* stressed, "[t]he situation in *Golembiewski* is too far removed from Cunningham's to lead to the same result. ... *Golembiewski* is too far different a situation from Cunningham's to lend much support." *Cunningham*, 440 F.3d at 864-65.

These observations are equally applicable here and warrant a finding that the government's position in this case, taken as a whole, was substantially justified. As in *Cunningham*, and unlike *Golembiewski*, the ALJ engaged in a credibility determination. His fault was not in rejecting without any attempted explanation and without any evidentiary basis, the treating physicians' opinions and

9

Ms. Brady's version of her plight. His was a "fail[ure] to connect all the dots in his analysis." *Cunningham*, 440 F.3d at 865 – and there were a number of them that could have been linked to support his ultimate conclusion. This was a case where "there was evidence in the record to support the ALJ's decision[;] . . . a genuine dispute existed and therefore the Commissioner's position was substantially justified." *Mogg v. Astrue*, 266 Fed.Appx. 470, 472, 2008 WL 227330, *2 (7th Cir. 2008). *See also Murphy v. Astrue*, 351 Fed.Appx. 119, 123, 2009 WL 3720657, *3 (7th Cir. 2009)("Although the ALJ failed to consider evidence concerning a disability finding and did not sufficiently explain his credibility determination, there was still *some* discussion and *some* evidence in the record that supported his position . . . .")(emphasis supplied).[5]

## CONCLUSION

The "logical bridge" requirement is not an end in itself, but rather the means to ensure the validity of an agency's ultimate finding and to afford the claimant meaningful judicial review. *See Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). While a failure of articulation may require

---

[5] *Stewart v. Astrue*, 561 F.3d 679 (7th Cir. 2009) held that it was an abuse of discretion to deny fees where the ALJ contravened long-standing agency regulations and ignored standing judicial precedent in determining residual function capacity and in his hypothetical to the vocational expert. *Id.,* at 684. And significantly, the Commissioner was unable to specify what evidence might have factored into the ALJ's decision This sort of disregard by an ALJ is far different than a failure to articulate fully the evidence that otherwise could have been deemed to support a decision. *Cf.* Frankfurter, *John Marshall and the Judicial Function*, in Government Under Law, 31 (1968) ("Self-willed judges are the least defensible offenders against government under law ...."). There is a reference in *Stewart* to the ALJ's failure to have constructed the "logical bridge" between his conclusions and the evidence that might have justified his substituting his own assessment of Mr. Stewart's RFC for that of the physicians. However, the "logical bridge" reference was not and could not have been meant to articulate a *per se* rule requiring a finding in all cases that the Commissioner's position was substantially unjustified. Not only must general language in opinions be taken in the context of their utterance, *Aurora Loan Services, Inc. v. Craddieth*, (7th Cir. 2006);*Wisehart v. Davis*, 408 F.3d 321, 326 (7th Cir. 2005); *East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.,* 414 F.3d 700, 705 (7th Cir. 2005), but the opinion cites approvingly the Supreme Court's decision in *Price* and the Seventh Circuit's decision in *Conrad*, which disavowed the existence of any *per se* rule and expressly reaffirmed the continuing vitality of *Stein*. *See* discussion, *supra* at 6-7 and in *Stewart*, 561 F.3d at 684.

reversal, it does not mandate a fee award under EAJA. In the instant case, it was not as though there was no evidence to support the ALJ's according diminished weight to certain medical testimony that he thought uncritically relied on information from Ms. Brady, without apparent regard for the credibility and honesty of the source of the information. Moreover, in expressing doubt about Ms. Brady's claimed inability to work when measured against her daily activities, the ALJ could well have relied on the various factors that in all contexts tend to undermine any witness's credibility. The difficulty in this case, as in *Stein* and *Conrad* – to name but two – is that the ALJ did not adequately explain the full course of his reasoning. But as the Seventh Circuit has said time and again, a failure of articulation does not compel an award of fees under EAJA. The plaintiff's request for fees and costs[#32] is DENIED.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 3/1/11